IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-095-CR


AND


NO. 3-94-096-CR




ANTHONY DEVON WRIGHT, a/k/a TOOTIE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NOS. 43,359 & 43,360, HONORABLE RICK MORRIS, JUDGE PRESIDING


 





PER CURIAM

 In each cause, a jury found appellant guilty of burglary of a habitation. Penal
Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code
Ann. § 30.02, since amended). The district court assessed punishment at imprisonment for life.

 On November 2, 1990, James Earl Lewis was in his apartment cooking food to sell
at a garage sale the following day. Lewis's brother-in-law, Drayton Allen Russell, was helping
him. Russell left the apartment for a few minutes to go to a store. When he returned, he found
appellant in the living room. Russell asked appellant what he wanted and appellant cursed him. 
Russell left the apartment once again to briefly visit a neighbor. When Russell returned the
second time, appellant had been joined in the living room by another man. Russell, who did not
know either individual, again asked what appellant wanted. Appellant pulled a pistol and
demanded that Russell give him "the money and the dope." Russell told appellant that there was
no money or drugs in the apartment.

 Lewis, who was in the kitchen, heard the commotion and walked into the living
room. Lewis told appellant, whom he had never before seen, to leave the apartment. Appellant
struck Lewis on the head with the pistol and his accomplice struck Russell with his fist. Appellant
then shot Russell in the abdomen and Lewis in the arm. The two assailants fled after the shooting.

 Appellant contends the evidence is legally insufficient to support the convictions
for burglary. The indictments alleged and the jury found that appellant entered the apartment with
the intent to commit aggravated assault and without the effective consent of the owners, Lewis and
Russell. Appellant urges that the State failed to prove that he entered the apartment with the
alleged intent. Instead, he contends the evidence shows only an initial trespass, followed by an
aggravated assault during the subsequent struggle.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Neither
Lewis nor Russell gave appellant permission to enter the apartment. When his presence was
challenged, appellant pulled a firearm and demanded money and drugs. He then shot both
victims. A rational trier of fact could conclude from this evidence that appellant entered the
apartment with the intent to rob the occupants by threatening them with a firearm. See Act of
May 29, 1983, 68th Leg., R.S., ch. 977, § 1, 1983 Tex. Gen. Laws 5311 (Tex. Penal Code Ann.
§ 22.01(a)(2), since amended); Act of May 28, 1989, 71st Leg., R.S., ch. 939, § 2, 1989 Tex.
Gen. Laws 4003 (Tex. Penal Code Ann. § 22.02(a)(4), since amended). Point of error two is
overruled.

 Appellant also contends the district court erred by refusing to charge the jury on
the lesser offense of aggravated assault. To be entitled to an instruction on a lesser offense, the
accused must show that the lesser offense is included within the proof necessary to establish the
offense charged and that there is some evidence that would permit a rational jury to find that the
accused is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.
Crim. App. 1993).

 Appellant relies on Lewis's testimony that two neighbors had entered the apartment
on the night of the offense to purchase sandwiches. This, appellant contends, is evidence that the
apartment was open to the public and, if believed by the jury, would preclude his conviction for
burglary. Lewis testified, however, that both neighbors knocked on his door and were invited by
him to enter the apartment. There is no evidence that the apartment was open to the general
public or that appellant and his accomplice had consent, effective or otherwise, to enter. If
aggravated assault was a lesser included offense of burglary in these causes, there is no evidence
that appellant was guilty only of that offense. Point of error one is overruled.

 The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll Not Participating

Affirmed on Both Causes

Filed: October 19, 1994

Do Not Publish